UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEBORAH LAUFER,<br>Plaintiff<br><br>v.<br><br>PGA SEQUOIA, LLC,<br>Defendant. | Case No. 6:20-cv-6212 |

**MOTION BY:** Plaintiff

**RELIEF REQUESTED:** An Order striking Defendant's Answer

**BASIS FOR RELIEF REQUESTED:** Federal Rule of Civil Procedure 12(f)2.

**SUPPORTING PAPERS:** Memorandum of Law in Support of Motion to Strike

**PLACE:** United States District Court Western District of New York 2330 United States Courthouse 100 State Street Rochester, New York 14614

**DATE AND TIME:** To be determined by the Court

Dated: May 12, 2020


By: */s/ Tristan W. Gillespie*
Tristan W. Gillespie, Esq.


THOMAS B. BACON, P.A.
5150 Cottage Farm Rd.
Johns Creek, GA 30022
Tel:  404.276.7277
gillespie.tristan@gmail.com

*Attorneys for Plaintiff*

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE

**PRELIMINARY STATEMENT**

Plaintiff moves pursuant to Fed. R. Civ. P. 12(f)2 to strike Defendant's Answer to Plaintiff's Complaint. Defendant has failed to satisfy the standard for pleading an appropriate Answer. Likewise, Defendant's Answer is invalid as a corporation must be represented by counsel.

To allow Defendant's Answer to remain in the litigation will cause undue prejudice to Plaintiff, as she will need to conduct discovery or utilize trial time to eliminate the improper and baseless response to Plaintiff's Complaint. Accordingly, for the foregoing reasons, Plaintiff respectfully requests the entry of an Order striking Defendant's Answer.

**FACTS**

Deborah Laufer filed this action on April 6, 2020 for Defendant's violations of the Americans with Disabilities Act. On May 11, 2020, a person named Yannick Basabakwinshi, who is not a licensed attorney, filed an Answer to the Complaint. As corporations must be represented by counsel, Defendant's Answer must be stricken.

**ARGUMENT**

**I. DEFENDANT'S ANSWER SHOULD BE STRICKEN.**

Defendant PGA Sequoia, LLC's Answer (doc. 4) was filed by a non-attorney named Yannick Basabakwinshi and is not responsive to Plaintiff's Complaint. Rather, Defendant's Answer merely states:

> Our facility is nondiscriminatory based on religion, race, color, or physical disability; and this based [sic] on current or past practices.
>
> We are willing to accommodate the plaintiff should she consider a stay with us sooner or later.
>
> We can confirm that we have worked with different institutions and persons in the past to ensure that no person with disability is excluded from our facility.

The threshold problem with this filing is that it was not submitted by an attorney, and no lawyer appears to be representing Defendant in this matter. This arrangement is unsatisfactory because, under clearly established law, a corporation or other artificial entity cannot appear in federal court unless it is represented by counsel. See, e.g., Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02, 113 S.Ct.

716, 121 L.Ed.2d 656 (1993) ("It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel."); Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (1985) ("The rule is well established that a corporation is an artificial entity that ... cannot appear pro se, and must be represented by counsel."); United States v. Hagerman, 545 F.3d 579, 581 (2008) ("A corporation is not permitted to litigate in federal court unless it is represented by a lawyer licensed to practice in that court."); Udoinyion v. The Guardian Security, 440 Fed. Appx. 731 (2011) ("A corporation is an artificial entity that cannot appear pro se and must be represented by counsel.").

Simply put, Defendant cannot represent itself *pro se* in this proceeding, nor can its corporate officers, owners, managers, members, or employees file papers in this case on behalf of that entity unless they are licensed attorneys. For this reason, Defendant must retain counsel in order to be heard or to defend against this action.

Additionally, the format of Defendant's filing is incorrect. Any document that Defendant wishes to file with the Clerk of Court must include the caption of the case (i.e., the court, parties' names, and case number, in substantially the form shown at the top of this Order); must include the signer's address and telephone number; and must include a certificate of service showing that the filing or paper has been served on all other parties. See Rules 5(d), 10 & 11, FRCP.

A motion to strike is properly granted where (1) there is no question of fact which would allow the defense to succeed; (2) there is no question of law which would allow the defense to succeed; and (3) the plaintiff would suffer prejudice from inclusion of the defense. Saratoga Harness Racing Inc., 1997 WL 135946 at 3. Increased time and expense of trial may constitute sufficient prejudice to warrant granting a Plaintiff's 12(f) motion. SEC v. Toomey, 866 F. Supp. 719, 722 (S.D.N.Y. 1992). When "the defense is insufficient as a matter of law, the defense should be stricken to eliminate the delay and unnecessary expense from litigating the invalid claim." *Id. citing* FDIC v. Eckert Siemens Cherin & Mellot, 754 F. Supp. 22, 23 (E.D.N.Y. 1990). *See also* Simon v. Manufacturers Hanover Trust Co. 849 F.Supp. 880, 882 (S.D.N.Y. 1994) ("...motions to strike serve a useful purpose by eliminating insufficient defenses and saving the time and expense which would otherwise be spent in litigating issues that would not affect the outcome of the case") (internal citations and quotations omitted).

Here, Defendant has not properly answered Plaintiff's Complaint. Accordingly, it should be stricken.

**CONCLUSION**

Accordingly, for the foregoing reasons, plaintiffs respectfully request the entry of an Order striking Defendant's Answer.

Dated: May 12, 2020

By: */s/ Tristan W. Gillespie*
Tristan W. Gillespie, Esq.

THOMAS B. BACON, P.A.
5150 Cottage Farm Rd.
Johns Creek, GA 30022
Tel:  404.276.7277
gillespie.tristan@gmail.com

*Attorneys for Plaintiff*