UNITED STATES DISTRICT COURT
for the
Western District of New York

| | |
|---|---|
| DEBORAH LAUFER<br>　　　　Plaintiff<br><br>　　　　v.<br>PGA SEQUOIA LLC<br>　　　　Defendant | )<br>)<br>)<br>)<br>)   Civil Action No. 20-cv-6212<br>)<br>)<br>)<br>)<br>) |

MEMO OF LAW

I, Susan BetzJitomir am the recently hired attorney for the above captioned LLC.

1. Previously the court had ordered that an Amended Answer be filed by June 30, 2020.

2. I have ask under Rule 6(b)(1)(B) which provides that for any act that must be done by a party to a federal court proceeding within a specified time frame, the court may "for good cause, extend the time...after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

3. As the court knows, excusable neglect is, at bottom, an equitable doctrine, without a precise definition in the Federal Rules. *Pioneer Investment Services Co. v. Brunswick Associates, Ltd. Partnership*, 507 U.S. 380, 395 (1992). The U.S. Supreme Court has provided guidance on what constitutes excusable neglect in the *Pioneer* case, where the Court laid out a four-factor balancing test for what constitutes excusable neglect under either Rule 6 or Rule 60. In a passing reference endorsing the standard of excusable neglect enunciated by the court below, the factors to be considered in excusable neglect are (in no particular order):
　　A. Whether the delay in filing was within the reasonable control of the movant;
　　B. The length of the delay and the delay's potential impact on judicial proceedings;
　　C. The danger of prejudice to the non-moving party; and
　　D. Whether the movant acted in good faith.

4. In practice, the most important—and contentious—of these factors are the *length of delay* and the *danger of prejudice to the non-movant*. Almost always, the missed deadline would be within the reasonable control of the moving party. After all, if one has missed a deadline, even inadvertently, it is difficult to argue that the missed deadline is *completely* out of that person's control. However, as the state courts have been allowing more and more filings as we reopen after Covid-19, the backlog of needy clients with urgent matters was and is causing me to diligently work long hours to meet the needs that present themselves.

5. One of the underlying premises of the excusable neglect doctrine is that it exists to prevent victories by default. *Newgen, LLC. v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016) (observing that it is "the general rule that default judgments are ordinarily disfavored). It is an oft-stated but often undervalued principle of the federal civil procedure system that cases should, in the main, be decided *on the merits*, not on technicalities. *Rodriguez v. Village Green Realty, LLC*, 788 F.3d 31, 47 (2d. Cir. 2015) (citing

*Cargill, Inc. v. Sears Petroleum & Transp. Corp.*, 334 F. Supp. 2d 197, 247 (NDNY 2014) and observing that there is a strong preference for resolving disputes on the merits).

6. The delay is less than a month, there is no prejudice to the Plaintiff as the delay is minimal, and her claims of harm by not being able to travel are undermined by travel restrictions from the pandemic, nor any real impact on the Judicial process, and the defendant is likely to succeed on the merits, as this appears to be a nuisance lawsuit.

Hereby Affirmed

7/20/20

Susan BetzJitomir
1 Liberty Street
Bath, NY 14810
(607) 776-4200